08 CIV 10588

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROL D. FABER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendant | : | CIV. NO. JUDGE BAER<br><br>CLASS ACTION COMPLAINT |

RECEIVED
DEC - 5 2008
U.S.D.C. S.D. N.Y.
CASHIERS

1. Plaintiff, Carol D. Faber, on behalf of herself and all others similarly situated (collectively referred to herein as "plaintiffs"), brings this complaint against Defendant, Metropolitan Life Insurance Company (referred to hereafter as "MetLife" or "defendant"), and states:

## I. NATURE OF THIS CLASS ACTION

2. This action seeks redress on behalf of Carol D. Faber and the putative class of beneficiaries of group term life insurance policies against MetLife pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA"), for MetLife's failure to discharge its fiduciary duties solely in the interests of plaintiffs in violation of ERISA's "exclusive benefit rule," codified at 29 U.S.C. §1104(a).

## II. PARTIES – JURISDICTION

3. Plaintiff Carol D. Faber is a resident of the State of New York with an address at 15477 Lakeshore Road, Kent, New York 14477.

4. MetLife is a Delaware Corporation with an office at One Madison Avenue, New York.

New York 10010-3690. MetLife is a life insurance company that conducts business, through its employees and agents, in New York and throughout the United States. With respect to the allegations contained, *infra*, MetLife is a fiduciary within the meaning of 29 U.S.C. § 1002 (21)(A), and may be sued pursuant to 29 U.S.C. § 1132(a)(3). It is subject to the jurisdiction of this Court by virtue of 28 U.S.C. §§ 1331 and 1337 (a) and 29 U.S.C.§1132(e)(1).

5. Venue is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2).

6. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202 and 29 U.S.C. § 1132(a)(3).

## III. FACTS COMMON TO PLAINTIFF AND ALL CLASS MEMBERS

7. MetLife issued the group life insurance policies that are the subject of this action.

8. As respects death benefits equal to or greater than five thousand dollars ($5,000.00), instead of paying death benefits by tendering a check for the amount due, MetLife tenders a checkbook for what it calls the "Total Control Account Money Market Option."

9. Furthermore, when MetLife establishes or creates a Total Control Account, it transfers no funds to the account. Only when the beneficiary of the policy presents a check for payment from the Total Control Account does MetLife deposit a corresponding amount of the benefit proceeds into the Total Control Account.

10. The difference between delivery of a check and a checkbook is the difference between MetLife divesting and MetLife retaining possession of Plaintiff's funds. Until a beneficiary draws a check on the Total Control Account that is paid, legal title to and actual possession of the funds (which are ERISA plan assets) represented by that check are retained by MetLife and MetLife has the use of the funds for its own benefit. The death benefits due to Plaintiff and other similarly situated beneficiaries are plan assets and remain plan assets until they are actually paid to the

beneficiary.

11. MetLife acts in a fiduciary capacity when it retains and invests death benefits due to Plaintiff and other similar-situated beneficiaries because such conduct involves the exercise of discretionary control in the administration of the plans and the exercise of control over plan assets. 29 U.S.C. § 1002(21)(A).

## IV. PLAINTIFF'S TRANSACTIONS

12. Plaintiff Carol D. Faber is the beneficiary of a MetLife group life insurance policy that insured the life of her husband, Robert N. Faber.

13. The MetLife group life insurance policy is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and (3).

14. MetLife is a fiduciary of said plan within the meaning of 29 U.S.C. §1002(21)(A).

15. Robert N. Faber died on May 19, 2004.

16. On or about June 9, 2004, Plaintiff Carol D. Faber submitted a death benefit claim (copy annexed hereto as Exhibit A) to MetLife in accordance with the group life insurance policy.

17. On or about June 30, 2004, Plaintiff Carol D. Faber received an undated letter from MetLife (copy annexed hereto as Exhibit B) describing the Total Control Account that stated in pertinent part:

> To help you through what can be a very difficult, emotional, and confusing time, we created a settlement option, the Total Control Account Money Market Option, to give you the time you need to best decide how to use you insurance or annuity proceeds.
>
> The insurance or annuity contract may have provided other settlement options for payment of the proceeds. Unless the contract owner or insured preselected a specific method of settlement, your right to choose any of these other settlement options is preserved while your money is in a Total Control Account. If a settlement option was preselected for you, more information will be provided as

> your claim is processed.
>
> If the amount of proceeds payable to you is $5,000 or more, a Total Control Account will usually be established in your name once your claim is approved, unless a different settlement option was selected. You will receive a personalized "checkbook" and a kit that includes a Customer Agreement and gives you additional information regarding your Account. By using one of your personalized "checks," you can draw a draft on your Total Control Account for the entire amount at any time. Information regarding other settlement options available will also be provided.
>
> While your money is in a Total Control Account, it is guaranteed by MetLife. You can access all or any part of the insurance proceeds at any time, simply by writing one of your checks. You are not charged for checks, there are no transaction or monthly fees, and there are no penalties for withdrawing all or part of your money.

Undated letter (Exhibit B) describing the Total Control Account (punctuation and capitalization as in original).

18. Plaintiff Carol D. Faber received three letters from MetLife dated June 25, 2004, June 30, 2004 and June 30, 2004 (copies annexed hereto as group Exhibit C), stating that proceeds in the amounts of $50,076.03, $293,493.68 and $50,082.19, respectively had been put into her Total Control Account. The June 25, 2004 letter advised in pertinent part, that the proceeds of the insurance policy, had been "paid to you through the Total Control Account (TCA) Money Market Option[.]" The letter went on to state that "Banking services for your Total Control Account are provided by PFPC, Inc., an affiliate of PNC Bank, NA, pursuant to an administrative agreement." The packet of information included with the June 25, 2004 letter included checks for her to draw funds from the Total Control Account for any amount equal to or greater than $250.00, up to the entire account balance. Ms. Faber was informed that she could leave her money in the Total Control Account for as long as she wished and to write checks as she needed them. The June 30, 2004 letters "advised that additional insurance benefits of [$293,493.68 and $50,082.19] were added

... into your Total Control Account." Additionally, each of the June 30, 2004 letters stated: "The full amount of your funds, plus the interest earned, is guaranteed and will remain safe and secure."

19. MetLife did not give Plaintiff Carol D. Faber an option to receive the death benefit in any other way than through the Total Control Account.

20. Plaintiff Carol D. Faber did not elect to receive payments of the death benefit amounts through the Total Control Account or in any form other than a lump sum.

21. After she received her checkbook in 2004, Plaintiff Carol D. Faber wrote out checks for $250 or more against the Total Control Account balance over the next few years. Plaintiff Carol D. Faber has not exhausted all of the balance in her Total Control Account; she has a positive balance in her Total Control Account as of the filing date of this complaint.

22. MetLife did not transfer any of Plaintiff Carol D. Faber's death benefits to the Total Control Account created for her until her first check was presented for payment. MetLife then funded the Total Control Account only as additional checks were submitted for payment.

## V. METLIFE'S DUTIES IN CONNECTION WITH THE PLAN

23. MetLife was obligated to discharge its duties with respect to the plan "solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries," 29 U.S.C. § 1104(a)(1)(A)(i), and was prohibited from engaging in transactions prohibited by 29 U.S.C. § 1106, including "deal[ing] with the assets of the plan in [its] own interest or for [its] own account."

## VI. PRACTICES COMPLAINED OF

24. MetLife breached its fiduciary duties and engaged in prohibited transactions by retaining the death benefits due to plaintiff and other similarly situated beneficiaries and investing those benefits for its own account without fully accounting to plaintiff and other beneficiaries for the

monies earned through such investments.

25. MetLife has been unjustly enriched as a result of its breaches of duty outlined above. MetLife is holding in constructive trust all of the monies that it derived from its wrongful use of the ERISA plan assets that belong to the Plaintiff and all class members. Plaintiff and the class members are entitled to an order requiring MetLife to disgorge all of the monies that it earned through its unlawful practices.

## VII. CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of a class pursuant to the provisions of Federal Rules of Civil Procedure 23 (a) and (b)(2).

27. The class consists of all persons who satisfy each of the following criteria:

   a. At any time during the class period;

   b. They were beneficiaries under group life insurance policies issued by MetLife, which are employee benefit plans within the meaning of 29 U.S.C. § 1002 (3); and

   c. Under which Defendant paid death benefits through the creation of a Total Control Account.

28. The class period is six years preceding the filing date of this complaint.

29. Excluded from the class are the defendant, its directors, officers, employees, parents, affiliates and subsidiaries, their successors, agents, legal representatives, heirs and assigns, and any persons controlled by any excluded person.

30. The class is so numerous that joinder of all members is impractical. The class is composed of more than 10,000 class members.

31. There are questions of law and fact common to the class, including but not limited to:

   a. Whether MetLife engaged in the practices complained of;

b. Whether the practices complained of violate 29 U.S.C. §§ 1104 (a). 1106 (a) and 1106 (b)(1); and

c. The measure of the amount by which MetLife was unjustly enriched through the practices complained of.

32. Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately protect the interests of the class. She is committed to litigating this matter vigorously. Plaintiff has retained counsel experienced in handling class claims, claims involving unlawful insurance and business practices and ERISA violations. Neither Plaintiff nor Plaintiff's counsel has any interest that might cause them not to pursue this action vigorously.

34. MetLife has acted on grounds that are generally applicable to the entire class, making injunctive and other equitable relief appropriate remedies.

**VIII.**
**AS AND FOR A FIRST CAUSE OF ACTION**
**SOUNDING IN VIOLATIONS OF ERISA**

35. Plaintiff incorporates the above allegations in this cause of action.

36. By its actions as described herein, MetLife violated its fiduciary duty under 29 U.S.C. § 1104(a) to act solely in the benefit of plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries.

37. By its actions as described herein, MetLife engaged in prohibited transactions under 29 U.S.C. § 1106(b)(1) by dealing in ERISA plan assets in its own self interest and for its own account. MetLife derived monies from its illegal use of plan assets that were supposed to be paid directly to

beneficiaries, in violation of 29 U.S.C. § 1106 (b)(1).

WHEREFORE, Plaintiff requests that the Court grant the following relief in her favor and in favor of the class members and against Defendant:

a) That the Court enter an order certifying the claims of the named Plaintiff and all other persons similarly situated as a class action, and further appointing Plaintiff as the class representative and Plaintiff's counsel as counsel for the Class;

b) That the Court declare that (i) MetLife has violated ERISA; (ii) MetLife has been unjustly enriched as a result of its violations of ERISA; (iii) MetLife is holding in constructive trust all of the monies that it earned from its wrongful use of the ERISA plan assets that belong to the Plaintiff and the putative class members; and (iv) Plaintiff and the class members are entitled to an order directing MetLife to disgorge all of the monies that it earned through its unlawful practices;

c) That the Court order MetLife to disgorge all of the illicit monies that it has earned from its illegal acts and thereafter distribute those monies equitably;

d) That the Court issue appropriate injunctive relief enjoining MetLife's violations of ERISA;

e) That the Court award attorney's fees, expenses, and costs as allowed by law; and

f) That Plaintiff and the members of the class have any and all such further relief that this Court may deem just and proper.

Dated: Garden City, New York
December 4, 2008

Respectfully submitted,

Leland L. Greene, Esq.
Law Office of Leland L. Greene
600 Old Country Road, Suite 229
Garden City, New York 11530
(516) 746-3800
(516) 222-6577 (fax)

Irwin Popkin, Esq.
Law Office of Irwin Popkin
1138 William Floyd Parkway
Shirley, New York 11967
(631) 281-0030
(631) 281-0174 (fax)

Stuart T. Rossman, Esq.
Charles M. Delbaum, Esq.
National Consumer Law Center, Inc.
7 Winthrop Square
Boston, Massachusetts 02110-1245
(617) 542-8010
(617) 542-8028 (fax)

Helen Cleveland, Esq.
Roberts, Erck & Cleveland
945 East Paces Ferry Road
Suite 2220 Resurgens Plaza
Atlanta, Georgia 30326-1125
(404) 760-2792
(404) 233-2404 (fax)

M. Scott Barrett, Esq. (Member of SDNY Bar)
Barrett & Associates
520 North Walnut St.
P.O. Box 5233
Bloomington, Indiana 47407-5233
(812) 334-2600
(812) 337-8850 (fax)

John C. Bell, Jr., Esq.
Leroy W. Brigham, Esq.
Bell & Brigham
P.O. Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014
(706) 722-7552 (fax)

Jeffrey G. Casurella, Esq.
Law Office of Jeffrey G. Casurella
400 Interstate N. Pkwy. Suite 310
Atlanta, Georgia 30339
(770) 858-1660
(770) 858-1665 (fax)

Conrad F. Cropsey, Esq.
Cropsey & Cropsey
Briggs Building
109 North Main Street
P.O. Box 386
Albion, New York 14411
(585) 589-9400
(585) 589-4735 (fax)

# EXHIBIT A

EXHIBIT A

MetLife®
Group Life Claims
P.O. Box 3016
Utica, NY 13504
1-800-638-6420

# Life Insurance Claim Form
## Claimant's Statement

For MetLife Use Only

Employer Name: Eastman Kodak

Employee Name: Robert Faber

In order to process your claim as quickly as possible we need some information about you and about the deceased. Each beneficiary must submit his or her own Claimant's Statement. Return this completed Claimant's Statement to the Employer or directly to MetLife, in accordance with the instructions you received with this form. Be sure to include a Certified Death Certificate that indicates the cause and manner of death. A Certified Death Certificate is one that has been certified by the local Bureau of Vital Statistics or other responsible agency, and bears a raised or colored seal. You can usually obtain a Certified Death Certificate from the funeral director who handled the arrangements.

### A. Information about you:

1. Your Name (please print or type) Carol (First) D. (Middle Initial) Faber (Last)
   Maiden Name (if applicable) Nash
2. Social Security No. [redacted]
3. Date of Birth 01/03/1943 (Mo. Day Year) ☐ Male ☒ Female
4. Phone Number Day (585) 722-2213 (Area Code) Evening (585) 682-4646 (Area Code)
5. Fax Number (optional) (585) 589-4735 (Area Code)
6. Mailing Address 15477 (House Number) Lakeshore Road (Street Name) (Apt./Box No. (if any))
   Kent (City) New York (State) 14477 (Zip)
7. Relationship to the deceased
   You are the ☒ Husband or Wife ☐ Child ☐ Parent ☐ Other ______ (Explain)
8. If you have signed a document with a funeral home (a funeral home assignment) that authorizes MetLife to make a payment directly to it, please check here ☐

### B. Information about the deceased:

1. His/Her Name Robert (First) N. (Middle Initial) Faber (Last)
   Maiden Name (if applicable) n/a
2. Residence Address 15477 (House Number) Lakeshore Road (Street Name) (Apt./Box No. (if any))
   Kent (City) New York (State) 14477 (Zip)
3. Marital Status ☐ Single ☒ Married ☐ Widow/Widower ☐ Separated ☐ Divorced
4. Date of Birth 03/19/1947 (Mo. Day Year)
5. Social Security No. [redacted]
6. A Certified Death Certificate showing cause and manner of death is required. Is one attached? ☒ Yes ☐ No
   If not, please state why ______
7. If the deceased person also had an individual life insurance policy with MetLife, please provide the policy number:
   no

Mr. Faber died on employer's property is there double indemnity?

(Form continues on following page. Please complete and sign next page)

**Life Insurance Claim Form**
**Claimant's Statement (continued)**

**Employee Name:** Robert Faber

## C. Certifications and Signature:

The information I have given is, to the best of my knowledge, true and accurate.

**Under penalty of perjury, I certify:**

1) **That the number shown on this form is my correct taxpayer identification number; and**
2) **That I am not subject to backup withholding because: (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends; or (b) that I am no longer subject to backup withholding; and**
3) **I am a U.S. citizen, or a U.S. resident for tax purposes.**

**Please note: Cross out and initial item 2 and/or item 3 if subject to backup withholding as a result of a failure to report all interest and dividend income or you are not a U.S. citizen or U.S. resident for tax purposes.**

**The IRS does not require your consent to any provision of this document other than the certification to avoid backup withholding.**

If the insured was covered under a policy issued in one of the states listed below, or if you reside in one of the states listed below, one of the following state warnings may apply to you:

**New York [only applies to Accident and Health Benefits (AD&D/VAD&D)]: I know it is a crime to fill out this form with facts I know are false or to leave out facts I know are important. I know that if I do this, I may also have to pay a civil penalty of up to $5,000 plus the value of the claim.**

**Florida: Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim containing any false, incomplete or misleading information is guilty of a felony of the third degree.**

**Massachusetts: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, and may subject such person to criminal and civil penalties.**

**New Jersey: Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.**

**Oklahoma: Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.**

**Kansas and Oregon: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto may be guilty of insurance fraud, and may be subject to criminal and civil penalties.**

**Virginia: Any person who, with the intent to defraud or knowing that he is facilitating a fraud against an insurer, files a claim containing a false or deceptive statement may have violated state law.**

If the insured was covered under a policy issued in any state other than those listed above, or if you reside in any state other than those listed above, then the following warning may apply to you:

**Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

Please sign below as you would sign on checks (include first and last name). If you are receiving a Total Control Account, this signature will be placed on file with your Account.

Carol D. Faber
Beneficiary Signature Carol D. Faber

June 9, 2002
Date

Total Control Accounts® is a registered service mark of Metropolitan Life Insurance Company

# EXHIBIT B

EXHIBIT B

343,000.00

**MetLife®**
Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 3016
Utica, NY 13504
1-800-638-6420

Dear Beneficiary:

We at MetLife are sorry for your loss. To help you through what can be a very difficult, emotional, and confusing time, we created a settlement option, the Total Control Account® Money Market Option, to give you the time you need to best decide how to use your insurance or annuity proceeds.

The insurance or annuity contract may have provided other settlement options for payment of the proceeds. Unless the contract owner or insured preselected a specific method of settlement, your right to choose any of these other settlement options is preserved while your money is in a Total Control Account. If a settlement option was preselected for you, more information will be provided as your claim is processed.

If the amount of proceeds payable to you is $5,000 or more, a Total Control Account will usually be established in your name once your claim is approved, unless a different settlement option was selected. You will receive a personalized "checkbook" and a kit that includes a Customer Agreement and gives you additional information regarding your Account. By using one of your personalized "checks," you can draw a draft on your Total Control Account for the entire amount at any time. Information regarding the other settlement options available will also be provided.

While your money is in a Total Control Account, it is guaranteed by MetLife. You can access all or part of the insurance proceeds at any time, simply by writing one of your checks. You are not charged for checks, there are no transaction or monthly fees, and there are no penalties for withdrawing all or part of your money.

We hope that the Total Control Account will help you rest a little easier knowing that your money is safe, earning a competitive interest rate, and accessible to you when you need it, giving you time to make financial decisions that are right for you. Please read the additional information regarding the Total Control Account provided in this folder.

If you have further questions about the Account, you can call MetLife's Customer Services Center at its toll-free number, 1-800-MET-SAVE (1-800-638-7283). Hearing impaired callers with a Telecommunications Device for the Deaf (TDD) can call 1-800-229-3037. If you have any questions about this claim, please call 1-800-638-6420.

Once again, we extend our condolences and assure you that we will make every effort to help you in every way we can.

**The TOTAL CONTROL ACCOUNT® Money Market Option**
**Designed to Put *YOU* in Complete Control of Your Life Insurance Proceeds**

**The Total Control Account provides...**

**SAFETY**

- The entire amount of your Account, including all interest earned, is fully guaranteed by MetLife.

**COMPETITIVE RATES**

- The Account earns interest at money market rates that are responsive to current market conditions.
- Interest is compounded daily and credited monthly. (Generally, the interest earned will be subject to income tax.)

**FREE CHECKING**

- You can write checks from a minimum amount of $250 up to the full amount in the Account at any time.
- There are no monthly service or transaction charges. There is no charge for printing or reordering checks.

**CONVENIENCE**

- A personalized checkbook provides you with easy and immediate access to the funds.
- You will receive a monthly statement, showing all transactions, interest earned and the balance in the Account.

**FLEXIBILITY**

- You can withdraw all or part of your money at any time, without penalty or loss of interest.
- There are no limits on the number of checks you can write each month.
- You can name a beneficiary to receive money held in the Account, in case something happens to you.

**FULL SERVICE**

- Service Representatives are within easy reach to answer any questions you may have—just call toll-free Monday through Friday, from 8:00 A.M. to 6:00 P.M., Eastern Time, at 1-800-MET-SAVE (1-800-638-7283). Callers with a Telecommunications Device for the Deaf (TDD) can call 1-800-229-3037.

**TIME TO DECIDE**

- Your rights to elect all other available MetLife settlement options are preserved. You may, at any time, place some or all of the money in your Account in any other available option.
- MetLife has a range of settlement options for you to choose from, including Guaranteed Interest Certificates. You will receive complete information on all settlement options which are available to you along with the Total Control Account checkbook.

**The Total Control Account gives you:**

**Safety • Security • Convenience • Flexibility**
**Free Checking • Competitive Interest**

If the proceeds payable to you are less than $5,000, or you reside in a foreign country, or the claimant is a corporation or similar entity,—and the insured did not designate a settlement option, payment is usually made by a single, lump-sum check. If the insured designated an alternative settlement option, that designation will be carried out. In this case, more information will be provided to you as your claim is processed.

# EXHIBIT C

EXHIBIT C

Metropolitan Life Insurance Company
485-E US Hwy. 1 South, 4th Fl.
Iselin, NJ 08830

| | |
|---|---|
| ACCOUNT NUMBER: | 4047821544 |
| ISSUE DATE: | JUNE 25, 2004 |
| OPENING BALANCE: | $50,076.03 |
| INTEREST YIELD: | 1.50% |

CAROL D FABER
15477 LAKESHORE RD
KENT NY 14477-9727

Dear Beneficiary:

Please accept our heartfelt sympathy, and be assured that Metropolitan Life Insurance Company is here to help you through this difficult time.

Enclosed are your proceeds, which have been paid to you through the Total Control Account® (TCA) Money Market Option, as detailed above. Please review all enclosed materials listed below, and keep them in a safe place:

- TCA booklet - explains the account's features and offers advice to help you at this time
- Personalized checkbook - provides immediate access your proceeds simply by writing a check (minimum $250)
- Customer Agreement - uses an easy-to-read question and answer format
- Customer Privacy Notice

In addition, we have also provided a Change of Accountholder information form to use should your name or address change and a Beneficiary Designation form which you can complete and send to us to name a beneficiary on your account. A postage-paid return envelope is also included.

Banking services for your Total Control Account are provided by PFPC, Inc. an affiliate of PNC Bank, NA, pursuant to an administrative agreement.

If you have any questions about your account, please call TCA Customer Service at 800-638-7283. Callers with a Telecommunications Device for the Deaf (TDD) should call 800-229-3037.

Once again, we extend our condolences, and assure you that we are here to help you.

Sincerely,

Virgel E. Aquino

Virgel E. Aquino
TCA Administrative Services

JY0415.SCRE (09/03) L0305AXLE(exp1207)

MetLife and Affiliates
Total Control Account
485-E US Highway 1 South 4th Floor
Iselin, NJ 08830

MetLife
Family of Companies

Tel: 1-800-638-7283

CAROL D FABER
15477 LAKESHORE RD
KENT, NY 144779727

Re: ACCOUNT# 4047821544

Dear MRS. FABER :

Please be advised that additional insurance benefits of $ 293,493.68 were added on JUNE 29, 2004 into your Total Control Account® (TCA) number 4047821544. This transaction will be reflected on your next monthly statement.

This deposit was put into your Total Control Account® for your convenience. As you know, you have immediate access to your proceeds simply by writing a check from your existing TCA checkbook.

The full amount of your funds, plus the interest earned, is guaranteed and will remain safe and secure.

MRS. FABER, we are here to help you during this difficult time. If you have questions about your account, please do not hesitate to phone us toll-free at 1-800-638-7283.

Sincerely,

Your Total Control Account Staff

June 30, 2004

18000056236

MetLife and Affiliates
Total Control Account
485-E US Highway 1 South 4th Floor
Iselin, NJ 08830

Tel: 1-800-638-7283

MetLife®
Family of Companies

CAROL D FABER
15477 LAKESHORE RD
KENT, NY 144779727

Re: ACCOUNT# 4047821544

Dear MRS. FABER :

Please be advised that additional insurance benefits of $ 50,082.19 were added on JUNE 28, 2004 into your Total Control Account® (TCA) number 4047821544. This transaction will be reflected on your next monthly statement.

This deposit was put into your Total Control Account® for your convenience. As you know, you have immediate access to your proceeds simply by writing a check from your existing TCA checkbook.

The full amount of your funds, plus the interest earned, is guaranteed and will remain safe and secure.

MRS. FABER, we are here to help you during this difficult time. If you have questions about your account, please do not hesitate to phone us toll-free at 1-800-638-7283.

Sincerely,

Your Total Control Account Staff

June 30, 2004