## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

|  |  |
|---|---|
| CAROL D. FABER and | : |
| the ESTATE of RUSSELL E. YOUNG, | : |
| by and through its duly-appointed | : |
| ADMINISTRATOR, TONIA M. RAY, | : |
| individually and on behalf of all others | : |
| similarly situated, | : |
|  | : |
| Plaintiffs, | : |
|  | : |
| vs. | : |
|  | : |
| METROPOLITAN LIFE INSURANCE | : |
| COMPANY, | : |
|  | : |
| Defendant | : |
|  | : |

**CIV. NO. 08 CIV 10588 (HB)**

**FIRST AMENDED
CLASS ACTION COMPLAINT**

---------------------------------------------------x

1.       Plaintiffs Carol D. Faber and the Estate of Russell E. Young, by and through its duly-

appointed administrator, Tonia M. Ray ("Plaintiffs"), bring this action on behalf of themselves and

all others similarly situated (the "Plaintiff Class" or "Class"), against Defendant Metropolitan Life

Insurance Company ("MetLife" or "Defendant"), showing the Court the following:

### I.   NATURE OF THE ACTION

2.       This action involves claims brought pursuant to the Employee Retirement Income

Security Act of 1974,  29 U.S.C. § 1001 *et. seq.* ("ERISA").  The action arises out of MetLife's

practice of investing death benefits due under ERISA-governed employee benefit plans insured by

MetLife for MetLife's own account without accounting fully to the beneficiaries for the profits

MetLife earns through such investments.  Plaintiffs assert this practice violates 29 U.S.C. §1104(a)'s

requirement that plan fiduciaries, such as MetLife, discharge their duties with respect to ERISA

plans solely in the interests of the plans' participants and beneficiaries, and 29 U.S.C. §1106(b)'s prohibition against plan fiduciaries dealing with plan assets in their own interest or for their own account.  Plaintiffs bring this action pursuant to 29 U.S.C. § 1132(a)(3) to enjoin the practice and to obtain other appropriate equitable relief to redress MetLife's violations of 29 U.S.C. §§1104 and 1106.

## II.  PARTIES – JURISDICTION

3.      Plaintiff Carol D. Faber is a resident of the State of New York and resides at 15477 Lakeshore Road, Kent, New York 14477.

4.      Russell E. Young resided at 202A Glenwood Avenue, Medina, New York 14103 until his death on February 9, 2007.  Tonia M. Ray was appointed the administrator of the Estate of Russell E. Young by the Surrogates Court of the State of New York, Orleans County, on April 10, 2007.

5.      Defendant MetLife is a Delaware corporation with an office at One Madison Avenue, New York, New York 10010-3690.  MetLife is a life insurance company that conducts business, through its employees and agents, in New York and throughout the United States.  With respect to the allegations contained *infra*, MetLife is a fiduciary within the meaning of 29 U.S.C. § 1002 (21)(A), and may be sued pursuant to 29 U.S.C. § 1132(a)(3). It is subject to the jurisdiction of this Court by virtue of 28 U.S.C. § 1331 and 29 U.S.C.§1132(e)(1).

6.      Venue is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2).

7.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202 and 29 U.S.C. § 1132(a)(3).

### III.  THE TOTAL CONTROL ACCOUNT SCHEME

8.      At all times relevant to this action, MetLife issued group life insurance policies to fund ERISA-governed group life insurance welfare benefit plans ("plans"), including but not limited to plans sponsored by the Eastman Kodak Company (the "Kodak plan") and the General Motors Corporation (the "GM Plan").

9.      The policies issued by MetLife to fund ERISA plans and the benefits payable under those plans are ERISA plan assets.

10.     With respect to death benefits due under the plans in excess of a certain amount, instead of paying the benefits to the beneficiary by tendering a check for the amount due or otherwise transferring the funds to the beneficiary, MetLife informs the beneficiary that his or her benefits have been deposited into an interest-bearing "Total Control Account" and provides the beneficiary a checkbook with which to draw on the funds through a bank selected by MetLife.

11.     Although MetLife's communications suggest that beneficiaries' benefits have been deposited into a Total Control Account, MetLife does not actually deposit any funds into the account. Instead, MetLife retains and invests the proceeds for its own account.  Only when a beneficiary presents a check for payment from a Total Control Account does MetLife deposit a corresponding amount of his or her death benefits into the Total Control Account.

12.     Until a beneficiary draws a check on his or her Total Control Account and the check is paid, legal title to and actual possession of the funds are retained by MetLife and MetLife has the use of the funds for its own benefit.

13.     MetLife earns more managing and investing the death benefits owed to the beneficiaries of the ERISA plans that it insures than it pays in interest in connection with the beneficiaries' Total Control Accounts.

14.     MetLife acts in a fiduciary capacity when it retains and invests death benefits due to beneficiaries of ERISA plans because such conduct involves the exercise of discretionary authority, responsibility and control in the administration and management of such plans, and the exercise of authority and control respecting the management and disposition of plan assets. 29 U.S.C. § 1002(21)(A).

15.     MetLife does not inform the beneficiaries of the ERISA plans that it insures that it invests their death benefits for its own account, or that it earns more investing their benefits than it pays in connection with their Total Control Accounts.

16.     MetLife conceals from beneficiaries the fact that it invests their death benefits for its own account and the fact that it earns more investing their benefits than it pays in interest in connection with their Total Control Accounts by stating and/or implying that their benefits will be, and have been, deposited into a money market account at a bank when, in fact, MetLife retains the funds and invests them for its own account.

17.     The profits that MetLife earns investing the death benefits of the beneficiaries of the ERISA plans that MetLife insures belong to the beneficiaries and not to MetLife.

## IV. PLAINTIFFS' TRANSACTIONS

18.     Robert N. Faber was a participant in the Kodak plan insured by MetLife and his wife, Plaintiff Carol D. Faber, was the beneficiary of the life insurance benefit provided under the plan.

19.     Robert N. Faber died on May 19, 2004.

4

20.     On or about June 9, 2004, Plaintiff Carol D. Faber submitted a death benefit claim (copy attached hereto as Exhibit "A") to MetLife in accordance with the terms of the plan and policy.

21.     On or about June 30, 2004, Plaintiff Carol D. Faber received the undated letter attached hereto as Exhibit "B" from MetLife concerning her death benefits. The letter states in pertinent part:

> To help you through what can be a very difficult, emotional, and confusing time, we created a settlement option, the Total Control Account Money Market Option, to give you the time you need to best decide how to use you insurance or annuity proceeds.
>
> The insurance or annuity contract may have provided other settlement options for payment of the proceeds. Unless the contract owner or insured preselected a specific method of settlement, your right to choose any of these other settlement options is preserved while your money is in a Total Control Account. If a settlement option was preselected for you, more information will be provided as your claim is processed.
>
> If the amount of proceeds payable to you is $5,000 or more, a Total Control Account will usually be established in your name once your claim is approved, unless a different settlement option was selected. You will receive a personalized "checkbook" and a kit that includes a Customer Agreement and gives you additional information regarding your Account. By using one of your personalized "checks," you can draw a draft on your Total Control Account for the entire amount at any time. Information regarding other settlement options available will also be provided.
>
> While your money is in a Total Control Account, it is guaranteed by MetLife. You can access all or any part of the insurance proceeds at any time, simply by writing one of your checks. You are not charged for checks, there are no transaction or monthly fees, and there are no penalties for withdrawing all or part of your money.

22.    Plaintiff Carol D. Faber also received the three letters attached hereto as group Exhibit "C" from MetLife concerning her death benefits. The first letter, which is not dated, states that Ms. Faber's proceeds "have been paid to you through the Total Control Account (TCA) Money Market Option[.]" The letter indicates that Ms. Faber had an opening balance of $50,076.03 and an interest yield of 1.5%. The letter further states that "Banking services for your Total Control Account are provided by PFPC, Inc., an affiliate of PNC Bank, NA, pursuant to an administrative agreement." The packet of information included with the letter included checks for Ms. Faber to draw funds from the Total Control Account for any amount equal to or greater than $250.00, up to the entire account balance. Ms. Faber was informed that she could leave her money in the Total Control Account for as long as she wished and to write checks as she needed them. The second and third letters, which are both dated June 30, 2004, "advised that additional insurance benefits of [$293,493.68 and $50,082.19] were added ... into your Total Control Account."

23.    After she received her checkbook in 2004, Plaintiff Carol D. Faber wrote out checks for $250 or more against the Total Control Account balance over the next few years. Plaintiff Carol D. Faber has not exhausted all of the balance in her Total Control Account; she currently has a positive balance in her Total Control Account.

24.    Russell E. Young was a participant in the GM plan insured by MetLife and his estate is the beneficiary of the life insurance benefit provided under the plan.

25.    Russell E. Young died on February 9, 2007.

26.    Tonia M. Ray was appointed as the Administrator of the Estate of Russell E. Young on April 10, 2007.

27.     Tonia M. Ray, acting in her capacity as the Administrator of the Estate of Russell E. Young, submitted a valid death benefit claim to MetLife in accordance with the terms of the plan and policy and received the undated letter attached hereto as Exhibit "D" in response to the claim. The letter states that the Estate's proceeds "have been paid to you through the Total Control Account (TCA) Money Market Option[.]"  The letter indicates that the Estate had an opening balance of $42,765.48.  The letter further states that "Banking services for your Total Control Account are provided by PFPC, Inc., an affiliate of PNC Bank, NA, pursuant to an administrative agreement."

28.     The Total Control Account established for the Estate of Russell E. Young remained open until November 2007, at which time MetLife closed the account because the account balance fell below a certain amount.

29.     MetLife did not transfer any funds to the Total Control Accounts established for Plaintiffs Carol D. Faber or the Estate of Russell E. Young until checks were presented for payment on their accounts, at which time MetLife funded the account in the amount of the checks presented.

30.     MetLife invested the death benefits owed to Plaintiffs Carol Faber and the Estate of Russell Young for its own account until such time as the benefits were paid from the Total Control Account and earned more through such investments than the interest that it paid to Plaintiffs in connection with their Accounts.

31.     The profits that MetLife earned while investing Plaintiffs' death benefits in a fiduciary capacity belong to Plaintiffs and not to MetLife.

32.     MetLife did not inform Carol Faber or the administrator of Mr. Young's Estate that it intended to invest their death benefits for its own account when it established their Total Control Accounts.

7

33.     At no time after MetLife established the Total Control Accounts for Plaintiffs Carol Faber and the Estate of Russell E. Young did MetLife disclose to Ms. Faber or the Administrator of Mr. Young's Estate that it had invested their death benefits for its own account or that it had earned more through such investments than it had paid in interest on their Total Control Accounts.

34.     MetLife concealed from Plaintiffs Carol Faber and the Estate of Russell E. Young the fact that it intended to invest, and had invested, their death benefits for its own account by stating and/or implying that their benefits would be, and had been, deposited into a money market account at a bank when, in fact, MetLife intended to, and did, retain the funds and invest them for its own account.

35.     Plaintiff Carol Faber did not know, and had no reason to know, that MetLife had invested her death benefits for its own account and had earned more on such investments than it had paid in interest on her Total Control Account until she was informed of these facts by counsel in approximately October, 2006.

## V. METLIFE'S DUTIES IN CONNECTION WITH THE PLAN

36.     MetLife was obligated to discharge its duties with respect to the plans "solely in the interests of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries," 29 U.S.C. § 1104(a)(1)(A)(i), and was prohibited from engaging in transactions prohibited by 29 U.S.C. § 1106, including "deal[ing] with the assets of the plan in [its] own interest or for [its] own account."

## VI.  PRACTICES COMPLAINED OF

37.     MetLife breached its fiduciary duties and engaged in prohibited transactions by retaining and investing the death benefits due to Plaintiffs and the Plaintiff Class for its own account without fully accounting to Plaintiffs and the Plaintiff Class for the monies it earned through such investments.

38.     MetLife has been unjustly enriched in the amount of the profits it has earned through the above-described practices.  MetLife holds the profits it has earned through such practices in constructive trust for the benefit of Plaintiffs and the Plaintiff Class and should be ordered to disgorge such profits to Plaintiffs and the Plaintiff Class.

## VII.  CLASS ALLEGATIONS

39.     Plaintiff brings this action on behalf of a class pursuant to the provisions of Federal Rules of Civil Procedure 23 (a) and (b)(2).

40.     The class consists of all persons who satisfy each of the following criteria:

a.      At any time during the class period;

b.      They were beneficiaries under group life insurance policies issued by MetLife, which are employee benefit plans within the meaning of 29 U.S.C. § 1002 (3); and

c.      Under which MetLife "paid" death benefits through the creation of a Total Control Account.

41.     The class period runs from December 5, 2002 (six years preceding the December 5, 2008, filing date of the original complaint), to the present.

42.     Excluded from the class are MetLife, its directors, officers, employees, parents, affiliates and subsidiaries, their successors, agents, legal representatives, heirs and assigns, and any persons controlled by any excluded person.

43.     The class is so numerous that joinder of all members is impractical.  The class is composed of more than 10,000 class members.

44.     There are questions of law and fact common to the class.  Such common questions include, without limitation, the following:

    a.      Whether MetLife engaged in the practices complained of;

    b.      Whether MetLife was acting in a fiduciary capacity when it engaged in the practices complained of;

    c.      Whether the practices complained of violate 29 U.S.C. §§ 1104 and 1106;

    d.      The amount by which MetLife was unjustly enriched through the practices complained of;

    e.      The equitable relief appropriate to redress MetLife's violations of ERISA, including whether MetLife should be ordered to cease the practice and disgorge the profits it has earned through the practice.

45.     The named Plaintiffs' claims are typical of the claims of the Class.  All of the claims are based on the same facts, practices and legal theories.

46.     The named Plaintiffs will fairly and adequately protect the interests of the class.  They are committed to litigating this matter vigorously and have retained counsel experienced in handling class actions, claims involving unlawful insurance and business practices and ERISA violations. Neither Plaintiffs nor Plaintiffs' counsel have any interest that might cause them not to pursue this

10

action vigorously.

47.     MetLife has acted on grounds that are generally applicable to the entire class, thereby making final injunctive relief and other corresponding declaratory and equitable relief appropriate with respect to the class as a whole.

## VIII.  AS AND FOR A FIRST CAUSE OF ACTION SOUNDING IN VIOLATIONS OF ERISA

48.     Plaintiffs incorporate the above allegations into this cause of action.

49.     By its actions as described herein, MetLife violated its fiduciary duty under 29 U.S.C. § 1104(a) to act solely in the interest of plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries.

50.     By its actions as described herein, MetLife engaged in transactions prohibited under 29 U.S.C. § 1106(b)(1) by dealing in ERISA plan assets in its own interest and for its own account.

WHEREFORE, Plaintiffs request that the Court grant the following relief in their favor and in favor of the class members and against MetLife:

a)      That the Court enter an order certifying the claims of the named Plaintiffs and all other persons similarly situated as a class action, and further appointing Plaintiffs as the class representatives and Plaintiffs' counsel as counsel for the Class;

b)      That the Court declare that (i) MetLife has violated ERISA; (ii) MetLife has been unjustly enriched as a result of its violations of ERISA; (iii) MetLife is holding in constructive trust all of the monies that it earned through its violations of ERISA; and (iv) Plaintiff and the Plaintiff Class are entitled to an order directing MetLife to disgorge all of the monies that it earned through its unlawful practices;

c)      That the Court order MetLife to disgorge all of the illicit monies that it has earned from its illegal acts and thereafter distribute those monies equitably;

d)      That the Court issue appropriate injunctive relief enjoining MetLife's violations of ERISA;

e)      That the Court award attorney's fees, expenses, and costs as allowed by law; and

f)      That Plaintiffs and the members of the class have any and all such further relief that this Court may deem just and proper.

Dated: April 30, 2009

Respectfully submitted,

_____

Lee W. Brigham (admitted *pro hac vice*)
John C. Bell, Jr. (admitted *pro hac vice*)
Bell & Brigham
P.O. Box 1547
Augusta, Georgia 30903-1547
(706) 722-2014
(706) 722-7552 (fax)

M. Scott Barrett (Member of SDNY Bar)
Barrett & Associates
520 North Walnut St.
P.O. Box 5233
Bloomington, Indiana 47407-5233
(812) 334-2600
(812) 337-8850 (fax)

Jeffrey G. Casurella (admitted *pro hac vice*)
Law Office of Jeffrey G. Casurella
400 Interstate N. Pkwy. Suite 310
Atlanta, Georgia 30339
(770) 858-1660
(770) 858-1665 (fax)

Helen Cleveland (admitted *pro hac vice*)
Roberts, Erck & Cleveland
945 East Paces Ferry Road
Suite 2220 Resurgens Plaza
Atlanta, Georgia 30326-1125
(404) 760-2792
(404) 233-2404 (fax)

Conrad F. Cropsey (admitted *pro hac vice*)
Cropsey & Cropsey
Briggs Building
109 North Main Street
P.O. Box 386
Albion, New York 14411
(585) 589-9400
(585) 589-4735 (fax)

Leland L. Greene
Law Office of Leland L. Greene
600 Old Country Road, Suite 229
Garden City, New York 11530
(516) 746-3800
(516) 222-6577 (fax)

Irwin Popkin
Law Office of Irwin Popkin
445 Broad Hollow Road
Melville, New York 11757
(631) 281-0030
(631) 281-0174 (fax)

Stuart T. Rossman (admitted *pro hac vice*)
Charles M. Delbaum (admitted *pro hac vice*)
National Consumer Law Center, Inc.
7 Winthrop Square
Boston, Massachusetts 02110-1245
(617) 542-8010
(617) 542-8028 (fax)

COUNSEL FOR PLAINTIFFS

# EXHIBIT A

**MetLife®**
Group Life Claims
P.O. Box 3016
Utica, NY 13504
1-800-638-6420

### Life Insurance Claim Form
### Claimant's Statement

| For MetLife Use Only |
| --- |

Employer Name: Eastman Kodak

Employee Name: Robert Faber

In order to process your claim as quickly as possible we need some information about you and about the deceased. Each beneficiary must submit his or her own Claimant's Statement. Return this completed Claimant's Statement to the Employer or directly to MetLife, in accordance with the instructions you received with this form. Be sure to include a Certified Death Certificate that indicates the cause and manner of death. A Certified Death Certificate is one that has been certified by the local Bureau of Vital Statistics or other responsible agency, and bears a raised or colored seal. You can usually obtain a Certified Death Certificate from the funeral director who handled the arrangements.

## A. Information about you:

1. Your Name (please print or type)  Carol    D.  Faber
   First    Middle Initial    Last

   Maiden Name (if applicable)  Nash

2. Social Security No. ~~XXXXXXXXX~~

3. Date of Birth  01/03/1943              ☐ Male  ☒ Female
   Mo.    Day    Year

4. Phone Number  Day (585 ) 722-2213          Evening (585 ) 682-4646
   (Area Code)                    (Area Code)

5. Fax Number (optional) ( 585 ) 589-4735
   (Area Code)

6. Mailing Address  15477 Lakeshore Road
   House Number         Street Name              Apt./Box No. (if any)
   Kent              New York            14477
   City               State              Zip

7. Relationship to the deceased
   You are the  ☒ Husband or Wife  ☐ Child  ☐ Parent  ☐ Other
                                                  Explain

8. If you have signed a document with a funeral home (a funeral home assignment) that authorizes MetLife to make a
   payment directly to it, please check here ☐

## B. Information about the deceased:

1. His/Her Name  Robert              N.          Faber
   First              Middle Initial.    Last

   Maiden Name (if applicable)  n/a

2. Residence Address  15477      Lakeshore    Road
   House Number         Street Name              Apt./Box No. (if any)
   Kent              New York            14477
   City               State              Zip

3. Marital Status  ☐ Single  ☒ Married  ☐ Widow/Widower  ☐ Separated  ☐ Divorced

4. Date of Birth  03/19/1947
   Mo.    Day    Year

5. Social Security No. ~~XXXXXXXXX~~

6. A Certified Death Certificate showing cause and manner of death is required. Is one attached? ☒ Yes  ☐ No
   If not, please state why

7. If the deceased person also had an individual life insurance policy with MetLife, please provide the policy number:
   no

Mr. Faber died on employer's property is there double indemnity?
**(Form continues on following page. Please complete and sign next page)**

**Life Insurance Claim Form**
**Claimant's Statement (continued)**

Employee Name:  Robert Faber

## C. Certifications and Signature:

The information I have given is, to the best of my knowledge, true and accurate.

**Under penalty of perjury, I certify:**
1) That the number shown on this form is my correct taxpayer identification number; and
2) That I am not subject to backup withholding because:  (a) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends; or (b) that I am no longer subject to backup withholding; and
3) I am a U.S. citizen, or a U.S. resident for tax purposes.

**Please note:**  Cross out and initial item 2 and/or item 3 if subject to backup withholding as a result of a failure to report all interest and dividend income or you are not a U.S. citizen or U.S. resident for tax purposes.

The IRS does not require your consent to any provision of this document other than the certification to avoid backup withholding.

If the insured was covered under a policy issued in one of the states listed below, or if you reside in one of the states listed below, one of the following state warnings may apply to you:

**New York** [only applies to Accident and Health Benefits (AD&D/VAD&D)]:  I know it is a crime to fill out this form with facts I know are false or to leave out facts I know are important.  I know that if I do this, I may also have to pay a civil penalty of up to $5,000 plus the value of the claim.

**Florida:**  Any person who knowingly and with intent to injure, defraud or deceive any insurer files a statement of claim containing any false, incomplete or misleading information is guilty of a felony of the third degree.

**Massachusetts:**  Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, and may subject such person to criminal and civil penalties.

**New Jersey:**  Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.

**Oklahoma:**  Any person who knowingly, and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

**Kansas and Oregon:**  Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto may be guilty of insurance fraud, and may be subject to criminal and civil penalties.

**Virginia:** Any person who, with the intent to defraud or knowing that he is facilitating a fraud against an insurer, files a claim containing a false or deceptive statement may have violated state law.

If the insured was covered under a policy issued in any state other than those listed above, or if you reside in any state other than those listed above, then the following warning may apply to you:

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Please sign below as you would sign on checks (include first and last name).  If you are receiving a Total Control Account, this signature will be placed on file with your Account.

| Beneficiary Signature  Carol D. Faber | Date  June 9, 2002 |

Total Control Accounts® is a registered service mark of Metropolitan Life Insurance Company

# EXHIBIT B

343,000.⁰⁰

**MetLife®**
Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 3016
Utica, NY 13504
1-800-638-6420

Dear Beneficiary:

We at MetLife are sorry for your loss. To help you through what can be a very difficult, emotional, and confusing time, we created a settlement option, the Total Control Account® Money Market Option, to give you the time you need to best decide how to use your insurance or annuity proceeds.

The insurance or annuity contract may have provided other settlement options for payment of the proceeds. Unless the contract owner or insured preselected a specific method of settlement, your right to choose any of these other settlement options is preserved while your money is in a Total Control Account. If a settlement option was preselected for you, more information will be provided as your claim is processed.

If the amount of proceeds payable to you is $5,000 or more, a Total Control Account will usually be established in your name once your claim is approved, unless a different settlement option was selected. You will receive a personalized "checkbook" and a kit that includes a Customer Agreement and gives you additional information regarding your Account. By using one of your personalized "checks," you can draw a draft on your Total Control Account for the entire amount at any time. Information regarding the other settlement options available will also be provided.

While your money is in a Total Control Account, it is guaranteed by MetLife. You can access all or part of the insurance proceeds at any time, simply by writing one of your checks. You are not charged for checks, there are no transaction or monthly fees, and there are no penalties for withdrawing all or part of your money.

We hope that the Total Control Account will help you rest a little easier knowing that your money is safe, earning a competitive interest rate, and accessible to you when you need it, giving you time to make financial decisions that are right for you. Please read the additional information regarding the Total Control Account provided in this folder.

If you have further questions about the Account, you can call MetLife's Customer Services Center at its toll-free number, 1-800-MET-SAVE (1-800-638-7283). Hearing impaired callers with a Telecommunications Device for the Deaf (TDD) can call 1-800-229-3037. If you have any questions about this claim, please call 1-800-638-6420.

Once again, we extend our condolences and assure you that we will make every effort to help you in every way we can.

The TOTAL CONTROL ACCOUNT® Money Market Option
Designed to Put *YOU* in Complete Control of Your Life Insurance Proceeds

### The Total Control Account provides...

**SAFETY**

- The entire amount of your Account, including all interest earned, is fully guaranteed by MetLife.

**COMPETITIVE RATES**

- The Account earns interest at money market rates that are responsive to current market conditions.

- Interest is compounded daily and credited monthly.  (Generally, the interest earned will be subject to income tax.)

**FREE CHECKING**

- You can write checks from a minimum amount of $250 up to the full amount in the Account at any time.

- There are no monthly service or transaction charges.  There is no charge for printing or reordering checks.

**CONVENIENCE**

- A personalized checkbook provides you with easy and immediate access to the funds.

- You will receive a monthly statement, showing all transactions, interest earned and the balance in the Account.

**FLEXIBILITY**

- You can withdraw all or part of your money at any time, without penalty or loss of interest.

- There are no limits on the number of checks you can write each month.

- You can name a beneficiary to receive money held in the Account, in case something happens to you.

**FULL SERVICE**

- Service Representatives are within easy reach to answer any questions you may have—just call toll-free Monday through Friday, from 8:00 A.M. to 6:00 P.M., Eastern Time, at 1-800-MET-SAVE (1-800-638-7283).  Callers with a Telecommunications Device for the Deaf (TDD) can call 1-800-229-3037.

**TIME TO DECIDE**

- Your rights to elect all other available MetLife settlement options are preserved.  You may, at any time, place some or all of the money in your Account in any other available option.

- MetLife has a range of settlement options for you to choose from, including Guaranteed Interest Certificates.  You will receive complete information on all settlement options which are available to you along with the Total Control Account checkbook.

The Total Control Account gives you:

Safety • Security • Convenience • Flexibility
Free Checking • Competitive Interest

If the proceeds payable to you are less than $5,000, or you reside in a foreign country, or the claimant is a corporation or similar entity,—and the insured did not designate a settlement option, payment is usually made by a single, lump-sum check.  If the insured designated an alternative settlement option, that designation will be carried out.  In this case, more information will be provided to you as your claim is processed.

# EXHIBIT C

Metropolitan Life Insurance Company
485-E US Hwy. 1 South, 4th Fl.
Iselin, NJ 08830



```
ACCOUNT NUMBER:        4047821544
ISSUE DATE:            JUNE 25, 2004
OPENING BALANCE:       $50,076.03
INTEREST YIELD:        1.50%
```

CAROL D FABER
15477 LAKESHORE RD
KENT NY 14477-9727

Dear Beneficiary:

Please accept our heartfelt sympathy, and be assured that Metropolitan Life Insurance Company is here to help you through this difficult time.

Enclosed are your proceeds, which have been paid to you through the Total Control Account® (TCA) Money Market Option, as detailed above. Please review all enclosed materials listed below, and keep them in a safe place:

- TCA booklet – explains the account's features and offers advice to help you at this time
- Personalized checkbook - provides immediate access your proceeds simply by writing a check (minimum $250)
- Customer Agreement - uses an easy-to-read question and answer format
- Customer Privacy Notice

In addition, we have also provided a Change of Accountholder information form to use should your name or address change and a Beneficiary Designation form which you can complete and send to us to name a beneficiary on your account.  A postage-paid return envelope is also included.

Banking services for your Total Control Account are provided by PFPC, Inc. an affiliate of PNC Bank, NA, pursuant to an administrative agreement.

If you have any questions about your account, please call TCA Customer Service at 800-638-7283. Callers with a Telecommunications Device for the Deaf (TDD) should call 800-229-3037.

Once again, we extend our condolences, and assure you that we are here to help you.

Sincerely,

Virgel E. Aquino
TCA Administrative Services

JY0415.SCRE (09/03)

L0305AXLE(exp1207)

MetLife and Affiliates
Total Control Account
485-E US Highway 1 South 4th Floor
Iselin, NJ 08830



Tel: 1-800-638-7283

CAROL D FABER
15477 LAKESHORE RD
KENT, NY  144779727

Re: ACCOUNT# 4047821544

Dear MRS. FABER :

Please be advised that additional insurance benefits of $ 293,493.68 were added on JUNE
29, 2004 into your Total Control Account® (TCA) number 4047821544. This transaction
will be reflected on your next monthly statement.

This deposit was put into your Total Control Account® for your convenience. As you
know, you have immediate access to your proceeds simply by writing a check from your
existing TCA checkbook.

The full amount of your funds, plus the interest earned, is guaranteed and will remain safe
and secure.

MRS. FABER, we are here to help you during this difficult time. If you have questions
about your account, please do not hesitate to phone us toll-free at 1-800-638-7283.

Sincerely,

Your Total Control Account  Staff

June 30, 2004

18000056228

MetLife and Affiliates
Total Control Account
485-E US Highway 1 South 4th Floor
Iselin, NJ 08830

Tel: 1-800-638-7283



MetLife ®
Family of Companies

CAROL D FABER
15477 LAKESHORE RD
KENT, NY  144779727

Re: ACCOUNT# 4047821544

Dear MRS. FABER :

Please be advised that additional insurance benefits of $ 50,082.19 were added on JUNE
28, 2004 into your Total Control Account® (TCA) number 4047821544. This transaction
will be reflected on your next monthly statement.

This deposit was put into your Total Control Account® for your convenience. As you
know, you have immediate access to your proceeds simply by writing a check from your
existing TCA checkbook.

The full amount of your funds, plus the interest earned, is guaranteed and will remain safe
and secure.

MRS. FABER, we are here to help you during this difficult time. If you have questions
about your account, please do not hesitate to phone us toll-free at 1-800-638-7283.

Sincerely,

Your Total Control Account  Staff

June 30, 2004

18000058226

# EXHIBIT D

Metropolitan Life Insurance Company
485-E US Hwy. 1 South, 4th Fl.
Iselin, NJ 08830



ACCOUNT NUMBER:        4053601300
ISSUE DATE:            JULY 11, 2007
OPENING BALANCE:       $42,765.48
INTEREST YIELD:        4.00%

ESTATE OF RUSSELL YOUNG
TONIA M RAY ADMR
1839 KENT RD
KENT NY 14477-9764

Dear Beneficiary:

Please accept our heartfelt sympathy, and be assured that Metropolitan Life Insurance Company is here to help you through this difficult time.

Enclosed are your proceeds, which have been paid to you through the Total Control Account® (TCA) Money Market Option, as detailed above. Please review all enclosed materials listed below, and keep them in a safe place:

* TCA booklet - explains the account's features and offers advice to help you at this time
* Personalized checkbook - provides immediate access your proceeds simply by writing a check (minimum $250)
* Customer Agreement - uses an easy-to-read question and answer format
* Customer Privacy Notice

In addition, we have also provided a Change of Accountholder information form to use should your name or address change and a Beneficiary Designation form which you can complete and send to us to name a beneficiary on your account. A postage-paid return envelope is also included.

Banking services for your Total Control Account are provided by PFPC, Inc. an affiliate of PNC Bank, NA, pursuant to an administrative agreement.

If you have any questions about your account, please call TCA Customer Service at 800-638-7283. Callers with a Telecommunications Device for the Deaf (TDD) should call 800-229-3037.

Once again, we extend our condolences, and assure you that we are here to help you.

Sincerely,

Bob Begun
TCA Administrative Services

JY0415.SCRE (05/06)

L0305AXLE(exp1207)
1E00207814

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **FIRST AMENDED CLASS ACTION COMPLAINT** was served via overnight mail on this the 30th day of April, 2009, upon the following:

Michael H. Bernstein
John T. Seybert
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004

Lee W. Brigham
COUNSEL FOR PLAINTIFFS

14